(Pleito No. 110.—Fallado el 31 de Diciembre de 1900.)

## FRONTERA contra CUEVAS.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

CONTRATO CIVIL. Un contrato puramente civil, ya sea verbal ó escrito, con objeto de adquirir más tarde el carácter de un contrato mercantil, produce obligación y acción en juicio, por lo que, una demanda en concepto de indemnización de daños y perjuicios habrá que declararse con lugar.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á treinta y uno de Diciembre de mil novecientos, en el juicio declarativo de menor cuantía seguido en el suprimido Juzgado de 1ª Instancia de Mayagüez y en el Tribunal del Distrito de San Juan, por Don Ramón Irizarry en representación de su legítima esposa Doña María Antonia Cuevas y Mangual, vecinos de Mayagüez, con Don Damián Frontera, comerciante de la misma vecindad, sobre cobro de pesos, en concepto de indemnización de daños y perjuicios, juicio pendiente ante Nos en virtud de recurso de casación, por infracción de ley, interpuesto por la parte demandada y en su defensa y representación por el Letrado Don Rafael Palacios Rodríguez, no habiendo comparecido la parte recurrida.—Resultando : Que Don Ramón Irizarry, en representación de su esposa Doña María Antonia Cuevas y Mangual, con fecha cuatro de Julio de mil ochocientos noventa y seis produjo demanda en juicio declarativo de menor cuantía ante el suprimido Juzgado de 1ª Instancia de Mayagüez contra Don Damián Frontera, con súplica de que fuera éste condenado por sentencia á pagar á su referida esposa la cantidad de mil cuatrocientos noventa y tres pesos, en concepto de indemnización de daños y perjuicios, fundando dicha demanda en que por virtud de contrato de fletamento de la Goleta "Nueva Concepción," de la propiedad de su consorte, celebrado con Frontera para traer desde el puerto de Maracaibo, en Venezuela, al de Mayagüez una

considerable cantidad de cáscaras de mangle, cuya embarcación había de emprender viaje dentro de dos meses á contar desde el día diez y ocho de Marzo del citado año, siendo convenido que dos ó tres días antes de emprenderlo suscribirían ambas partes por duplicado la póliza de fletamento en la forma prevenida por el Código de Comercio, suspendió el tráfico de cabotaje á que la nave estaba dedicada en esta Isla, la reparó y equipó hasta ponerla en condiciones de hacer un viaje de travesía, contrató un piloto que era preciso, para dirigirla, preparó una carga de chinas y piña, que había de negociar en Curazao, punto de tránsito, admitió pasajeros que satisficieron el importe del pasaje, todo de acuerdo y con conocimiento de Frontera, y cuando la "Nueva Concepción" había de darse á la mar, se encontró con que el repetido Frontera estaba ausente en Europa sin que hubiera dejado instrucciones á su apoderado para el cumplimiento del contrato, por lo que se hizo éste imposible, siendo en su consecuencia infructuosos los gastos hechos para el equipo de la nave, que montaron á ochenta y nueve pesos, más doscientos treinta y cinco invertidos en la compra de un velamen, y trescientos diez y nueve pesos que representaban los sueldos, manutención de su tripulación, mientras se hacían las reparaciones, perdiendo la mayor parte de los frutos comprados con lo que sufrió un perjuicio de doscientos cincuenta pesos, dejando de ganar su esposa doscientos pesos por haber impedido el compromiso contraído con Frontera transportar de Luquillo á Mayagüez un cargamento de azúcar, y teniendo por último que enajenar el buque por dos mil quinientos pesos, de cuya suma descontó el comprador los quinientos pesos para conducir á Curazao los pasajeros que habían comprado su pasaje y reclamaban su conducción á dicho punto, cuyas partidas dan el total de mil cuatrocientos noventa y tres pesos, deducidos cien pesos que por su conducción á Curazao pagaron los pasajeros; habiendo invocado la parte demandante como fundamentos de derecho los artículos 1,089, 1,101, 1,106, 1,119, 1,254

y 1,356 del Código Civil, que tratan de las obligaciones y contratos y de la indemnización á que da lugar su falta de cumplimiento.—Resultando : Que Don Damián Frontera, al contestar la demanda, niega haber celebrado con la parte actora ni por escrito ni verbalmente el contrato de fletamento en que se funda la demanda, pues todo quedó en proyecto, en proposiciones recíprocas y en preliminares del negocio, sin que dicho contrato llegara á ultimarse, como también niega los daños y perjuicios que se alegan ; é invocando los artículos 52 y 652 del Código de Comercio, que estima aplicables al caso, suplicó se le absolviera de la demanda imponiendo perpetuo silencio y las costas á la parte actora. —Resultando : Que recibido el pleito á prueba y practicadas las propuestas por las partes, corridos los demás trámites del juicio, el Juez de 1ª Instancia de Mayagüez dictó sentencia en veinte y ocho de Noviembre de mil ochocientos noventa y seis, en la que absolvió de la demanda á Don Damián Frontera, con las costas á cargo de Don Ramón Irizarry, en la representación que ostentaba ; sentencia que en grado de apelación revocó el Tribunal de Distritto de San Juan, el que por la suya de veinte y cuatro de Julio último declaró con lugar la demanda, pero reducida ésta á quinientos treinta pesos á que ascienden los perjuicios que el demandado debe indemnizar al demandante, cuya cantidad devengará el interés de seis por ciento anual desde la fecha de la interposición de la demanda, ó sea desde el cuatro de Julio de mil ochocientos noventa y seis, sin especial condenación de costas en ambas instancias, y fundando dicho fallo en que la cuestión que se debate no es la que versa sobre la existencia ó inexistencia del contrato de fletamento, sino la que se refiere á una obligación puramente civil, pues aunque el convenio no llegó á adquirir el carácter mercantil por falta de solemnidades exigidas por la ley, existió un vínculo jurídico desde el momento en que las partes se obligaron en la forma en que la Sala sentenciadora lo declara probado.—Resultando: Que contra esa sentencia del Tribunal de Distrito de San Juan interpuso

Don Damián Frontera recurso de casación por infracción de ley, autorizado por la regla 73 de la Orden General número 113, de la serie de mil ochocientos noventa y nueve, y por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos: 1º Los artículos 50, 51, 53, caso 1º y 652 del Código de Comercio, que determinan los modos de probar la existencia de los contratos mercantiles, por cuanto el Tribunal sentenciador estima plenamente justificada en autos la obligación contraída por el demandado de fletar la goleta "Nueva Concepción," sin haber existido el contrato de fletamento, el cual no puede probarse en modo alguno por la declaración de testigos, sino por medio de la correspondiente póliza, que no se extendió, ni por tanto pudo traerse á los autos, condenando no obstante al Frontera á una indemnización, que sólo podía derivarse del incumplimiento de dicho contrato. 2º El principio jurídico *actore non probante, reus est absolvendus,* consagrado como doctrina legal por el Tribunal Supremo de España en sentencias de veinte y uno de Enero de mil ochocientos sesenta y siete, veinte y dos de Enero de mil ochocientos sesenta y nueve, siete de Marzo de mil ochocientos setenta y cuatro, y veinte y uno de Diciembre de mil ochocientos ochenta y dos, en el concepto de que no habiéndose probado en la forma establecida por el Código de Comercio la existencia del contrato de fletamento, no ha podido exigirse á Frontera una obligación que se deriva del incumplimiento de tal contrato. 3º Infracción de los artículos 1,089, 1,191 1,245 y 1,248 del Código Civil, por aplicación indebida, toda vez que Frontera á nada se obligó, y en su consecuencia no ha podido incurrir en dolo, negligencia ó morosidad en el cumplimiento de obligaciones que no existieron, por no existir la causa de que podrían derivarse, ó sea la existencia del contrato de fletamento.—Visto: Siendo ponente el Juez Asociado suplente Don Juan de Guzmán Benítez.—Considerando: Que la infracción señalada en el primer motivo del recurso parte del erróneo supuesto de que la sentencia recu-

rrida considera probada la existencia del contrato de fleta-
mento, cuando por el contrario el fallo dice expresamente
que dicho contrato mercantil no llegó á perfeccionarse, y
que la indemnización de daños y perjuicios se funda en el
incumplimiento de una obligación civil, que se declara pro-
bada, cual es la de fletar la goleta "Concepción" y firmar el
conocimiento dos ó tres días antes de emprender el viaje;
con cuyo motivo el dueño del barco tenía que poner á éste
en condiciones de cumplir lo convenido, como declara la
Sala haberlo hecho; por cuyas razones no se han infrin-
gido los preceptos del Código Mercantil citados en el pri-
mer motivo del recurso.—Considerando: Que por la misma
razón antes expresada no se ha infringido el principio
jurídico *actore non probante, reus est absolvendus*, pues la
apreciación de la prueba hecha por la Sala sentencia-
dora no se refiere al contrato mercantil, en cuyo concepto la
impugna el recurrente, sino á la existencia de una obligación
civil exigible.—Considerando: Que la afirmación que se hace
en el tercer motivo del recurso está en abierta contradicción
con los hechos que la Sala declara probados, cual es haber
convenido Frontera en fletar la goleta "Concepción", y
quedar por tanto obligado á cumplir ese convenio, cuya
existencia declara el Tribunal sentenciador, y que es cosa
distinta del contrato de fletamento, en cuya inexistencia
funda el recurrente las infracciones que alega.—Fallamos:
Que debemos declarar y declaramos no haber lugar al recurso
de casación por infracción de ley, interpuesto por Don
Damián Frontera, al que condenamos en las costas; y
devuélvanse los autos al Tribunal del Distrito de San Juan,
con la certificación correspondiente.—Así por ésta nuestra
sentencia que se publicará en la *Gaceta*, lo pronunciamos,
mandamos y firmamos.

José C. Hernández.—El Juez Asociado Don Rafael Nieto
Abeillé votó en Sala, José C. Hernández.—Manuel F.
Rossy.—Juan de Guzmán Benítez.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado Suplente del Tribunal Supremo Don Juan de Guzmán Benítez, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á treinta y uno de Diciembre de mil novecientos.—E. de J. López Gaztambide, *Secretario.*